United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                                  Case No. 20-cr-20382

v.

                                  Honorable Paul D. Borman

D-1 Dennis Williams,

            Defendant.        Offenses:
                                  Count One: **Conspiracy to Embezzle Union Funds** (18 U.S.C. § 371).

                                  Maximum Imprisonment:
                                  Count One:         5 years.

                                  Maximum Fine:
                                  Count One:         $250,000.

                                  Maximum Supervised Release:
                                  Count One:         3 years.

---

# Rule 11 Plea Agreement

---

     Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

**Dennis Williams** and the government agree as follows:

- 1 -

## I.      Guilty Plea

### A.      Count of Conviction

Defendant **Dennis Williams** will enter a plea of guilty to Count One of the Information.

Count One of the Information charges conspiracy to embezzle union funds, in violation of 18 U.S.C. § 371.

### Elements of the Offense

The elements of conspiracy to embezzle union funds, as charged in Count One of the Information, are as follows:

(1)      Two or more persons conspired to violate the Labor-Management Reporting and Disclosure Act in violation of 29 U.S.C. § 501(c) to embezzle union funds.

(2)      The defendant knowingly and voluntarily joined the conspiracy.

(3)      A member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

The elements of a violation of 29 U.S.C. § 501(c), embezzlement of union funds, are as follows:

(1) The United Auto Workers union was a labor organization within the meaning of 29 U.S.C. §§ 402(i) and (j).

(2) The defendant was either an officer of the United Auto Workers union or was directly or indirectly employed by the United Auto Workers union during the period when the offense occurred.

(3) The actions of the defendant constituted embezzlement, stealing, or unlawful and willful abstraction or conversion to his own use or the use of another.

(4) The assets taken during the offense were moneys, funds, securities, properties, or other assets of the United Auto Workers union.

**B.     Factual Basis for Guilty Pleas**

The following facts are a sufficient and accurate basis for defendant **Dennis Williams'** guilty plea to Count One:

<u>**Relevant Organizations and Individuals**</u>

1. The International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (referred to herein as "UAW" or as "United Auto Workers") was a labor organization engaged in an industry affecting commerce within the meaning of Sections 402(i) and 402(j) of Title 29, United States Code. The UAW represented hundreds of thousands of non-managerial employees employed by automobile manufacturers and other employers at numerous locations in Michigan and across the United States.  The UAW was headquartered in Detroit, Michigan.

2. The UAW Region 5 Midwest States Community Action Program (CAP) Council ("UAW Midwest CAP"), the UAW Midwest CAP's predecessor entities, and the UAW Region 5 Southwestern States CAP Council ("UAW Southwest CAP") were labor organizations engaged in an industry affecting commerce within the meaning of Sections 402(i) and 402(j) of Title 29, United States Code.

3. The UAW Midwest CAP, its predecessor entities, and the UAW Southwest CAP are some of the UAW's many Community Action Program Councils funded through "per-capita" tax payments derived from member dues. CAP councils existed as labor organizations subordinate to the UAW and were governed by the UAW Constitution and its bylaws.  The UAW Southwest CAP was based in Dallas, Texas; while the UAW Midwest CAP was located at the UAW Region 5's headquarters in Hazelwood, Missouri.  UAW Region 5 was an internal subdivision of the United Auto Workers union.

4. From at least 2010 through June 2014, **Dennis Williams** was the Secretary-Treasurer of the UAW.  From June 2014 through June 2018, **Dennis Williams** was the President of the UAW.  As such, **Dennis Williams** was an officer, within the meaning of Sections 402(n) of Title 29, United States Code, and was responsible for overseeing the operations of this UAW entity and the UAW.

5. At the times set forth in the Information, Gary Jones, Edward N. Robinson, UAW Official C, UAW Official D, UAW Official E, and Vance Pearson served as either an officer or direct employee of the United Auto Workers.

### The Conspiracy to Embezzle UAW Funds

6. From at least in or about 2010 and continuing through in or about September 2019, both dates being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, the defendant, **Dennis Williams**, Gary Jones, Edward N. Robinson, Vance Pearson, UAW Official C, Union Official D, and UAW Official E did unlawfully, knowingly, and willfully combine, conspire, confederate, and agree with each other and with other individuals, both known and unknown, to embezzle union funds.

7. During the course of the conspiracy, while **Dennis Williams**, Gary Jones, Edward N. Robinson, Vance Pearson, UAW Official C, Union Official D, and UAW Official E, were officers of the United Auto Workers or were employed directly by the United Auto Workers, they did embezzle, steal, and unlawfully and willfully abstract and convert to their own use moneys, funds, property, and other assets of the United Auto Workers.

8. While he was an officer of the UAW between 2013 and 2018, **Dennis Williams** accepted housing for himself in Palm Springs, California, housing for his friends in Palm Springs, California, golf clothing and other related merchandise,

rounds of golf outside of the dates of UAW conferences, and certain meals, liquor, and cigars provided to him by co-conspirators Gary Jones, UAW Official C, UAW Official E, Vance Pearson, and Edward N. Robinson.  Most of these items were provided to **Dennis Williams** before, during, or after conferences put on by UAW Region 5, and they were all paid for with UAW funds from the UAW headquarters in Detroit, Michigan, the UAW Southwest CAP, or the UAW Midwest CAP. **Dennis Williams** intentionally chose not to determine the origin of the funds used to pay for the items, despite having suspicions about them.

9. Although he was aware that the expenditure of UAW funds for certain entertainment expenses related directly to UAW Region 5 conferences could constitute the legitimate and lawful expenditure of union funds, **Dennis Williams** acknowledges that, in certain cases, he accepted items described above paid for with UAW funds that were not legitimate business expenses of the UAW.  **Dennis Williams** recognizes that it was wrong for him to have accepted these items paid for with UAW funds.  In certain instances, **Dennis Williams** believed that items he accepted were paid for with "flower fund" money or were legitimate business expenditures of UAW funds.

10. As part of the conduct, Gary Jones and Vance Pearson signed and verified vouchers relating to UAW Region 5 conferences submitted for payment to UAW headquarters in Detroit, Michigan, which they knew contained false or

incomplete information in order to conceal the embezzlement of UAW funds relating to the provision of items to **Dennis Williams** that were not legitimate union business expenses, but were for the personal benefit of **Dennis Williams**, his friends, and others.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, the defendant and his co-conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of Michigan, and elsewhere:

11. In or about December 2015, Gary Jones ordered cigars from the Gary's Sales company located in Parker, Arizona. Gary Jones ordered these cigars for his own use and for the use of **Dennis Williams** and others. In 2016, **Dennis Williams** accepted a portion of these cigars.

12. From December 17, 2015 through March 31, 2016, **Dennis Williams** accepted a villa in Palm Springs, California, paid for with $17,195 in UAW funds. Ostensibly, the villa was for the use of **Dennis Williams** during a week-long, January 2016 UAW Region 5 conference and other UAW-related meetings.

13. In January 2016, Gary Jones gave $6,000 in gift certificates for rounds of golf at the Indian Canyons Golf Resort, in Palm Springs, California, paid for with UAW funds, to an associate of **Dennis Williams** for their use outside of the dates of

any UAW-related conferences.  **Dennis Williams** and the associate used a portion of those certificates.

14. From December 1, 2016 through April 1, 2017, **Dennis Williams** accepted a villa in Palm Springs, California, paid for with $22,195 in UAW funds. Ostensibly, the villa was for the use of **Dennis Williams** during a week-long, January 2017 UAW Region 5 conference and other UAW-related meetings.

15. From December 28, 2016 through March 1, 2017, **Dennis Williams** accepted a villa in Palm Springs, California, for his friends, paid for with $12,195 in UAW funds.  The villa was for the use of the friends of **Dennis Williams** who had no role in any UAW Region 5 conference or other UAW-related meetings.

16. From December 20, 2017 through March 1, 2018, **Dennis Williams** accepted a villa in Palm Springs, California, paid for with $13,945 in UAW funds. Ostensibly, the villa was for the use of **Dennis Williams** during a week-long, January 2018 UAW Region 5 conference and other UAW-related meetings.

## II.    Sentencing Guidelines

### A.    Standard of Proof

The parties agree that the Court will determine all sentencing factors by a preponderance of the evidence.

**B.     Agreed Guideline Range**

The parties agree on all sentencing factors, which factors are set forth on the attached sentencing guideline worksheets.

The parties agree that the defendant's advisory sentencing guideline range is **18-24 months**.  If the Court finds:

>    1.   that defendant's criminal history category is higher than reflected on the attached worksheets, or
>
>    2.   that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offenses; or obstructed justice or committed any crime,

and if any such finding results in a higher guideline range higher, the higher guideline range becomes the agreed advisory sentencing guideline range.

**III.   Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

**A.     Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed 24 months.

### B.    Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is not more than three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.    Special Assessment

Defendant will pay a special assessment of $100.

### D.    Fine

There is no agreement as to fines.

### E.    Restitution

As to Count One, the Court shall order restitution to every identifiable victim of the defendant's offense.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States.  18 U.S.C. §§ 3612(c) and 3613.  If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The parties agree that **Dennis Williams** has already paid $56,114 in restitution to the UAW for costs relating to his use of housing in Palm Springs, California that was not related to UAW conferences or business.

### G.    Forfeiture

As part of this Rule 11 plea agreement, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit his interest in any property, real or personal, constituting or derived from any proceeds traceable to a violation of 18 U.S.C. § 371 and 29 U.S.C. § 501(c), including the following:

1) one set of Titleist golf clubs turned over to law enforcement by the defendant in September 2019; and

2) golf clothing and other related merchandise seized from the defendant's residences in August 2019.

All of the above-referenced assets, are hereinafter referred to as "Subject Property."  The defendant acknowledges that he has agreed to forfeit the Subject Property to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as direct or indirect proceeds of the defendant's violations of 18 U.S.C. § 371 and 29 U.S.C. § 501(c) as alleged in Count One of the Information.

Following entry of this Rule 11 Plea Agreement, the defendant agrees to the entry of one or more orders of forfeiture of his interests in the Subject Property by

stipulation and/or application by the United States at, or any time before, his sentencing in this case.

As part of his agreement, the defendant agrees not to contest the forfeiture of the Subject Property in any forfeiture proceeding. To the extent a third party that the defendant controls has an interest in any of the Subject Property, the defendant agrees to abandon those interests and/or to assist in obtaining release(s) of those interests. The defendant further agrees that he will not assist any third party assert a claim to any of the Subject Property in any forfeiture proceeding, that he will testify truthfully in any forfeiture proceeding involving any of the Subject Property, and that he will take whatever steps are necessary to deliver clear title to each item of Subject Property to the United States.

The defendant agrees that the forfeiture of any property consistent with this agreement shall survive the defendant, notwithstanding any abatement of the underlying criminal conviction after execution of this agreement.

In entering into this agreement with respect to forfeiture, the defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant also waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument,

- 12 -

pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment and waives any right he may have to request a jury determine the forfeiture of his interests in the Subject Property under Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted.

The defendant agrees to unconditionally release and forever discharge the United States of America, the United States Department of Justice, the FBI, their agents, officers, employees, past and present, and all other persons, including but not limited to any individual local law enforcement officers or departments or agencies assisting in any manner in the events and circumstances giving rise to the seizures described herein, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which the defendant his assigns, agents, officers, employees, successors, and/or heirs had, now have, or may have in connection with the seizure and detention of the seized funds.

**H.   Preparation of Tax Forms and Calculation and Payment of Taxes Due and Owing**

(i)   Defendant **Dennis Williams** agrees that he owes $15,459 in taxes to the Internal Revenue Service based on the items paid for with UAW funds that he accepted as described above in the factual basis.

(ii)   Not later than 30 days from entry of his guilty plea, defendant **Dennis Williams** will provide the IRS Examination Division with a true and accurate IRS Form 4549 and a true and accurate IRS Form 870 for the years 2012 through 2018 inclusive by delivering a signed copies of such documents to: IRS-CI Special Agent Michael Petroske, 985 Michigan Avenue, Room 251, Detroit, Michigan 48226.

(iii)   Defendant **Dennis Williams** shall further cooperate fully and in good faith with the Internal Revenue Service in determining his correct tax liability, and shall make satisfactory arrangements with the Internal Revenue Service for payment of any unpaid taxes.

(iv)   Defendant **Dennis Williams** agrees that he will not seek, request or file any claim for any refunds of any taxes, penalties or interest for the tax years 2012 through 2018, inclusive.

(v)   Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes due from defendant **Dennis Williams**.

## IV.    Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant **Dennis Williams** waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## V.    Defendant's Right to Withdraw from this Agreement

Defendant **Dennis Williams** may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than 24 months. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than 24 months.

## VI.    Appeal Waiver

Defendant **Dennis Williams** waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 24 months, the defendant also waives any right he may have to appeal his sentence, including the fine and amount of restitution imposed, on any grounds.

Nothing in this waiver bars a timely claim of ineffective assistance of counsel on appeal or by collateral relief under 28 U.S.C. § 2255.

## VII.   Consequences of Withdrawal of Guilty Plea or Vacation of Conviction

If the defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing his to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## VIII.  Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## IX.   Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time

before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a written proffer agreement or a written cooperation agreement with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## X.    Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on August 29, 2020. The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.

Matthew Schneider
United States Attorney


David A. Gardey
Assistant United States Attorney
Chief, Public Corruption Unit

Steven P. Cares
Assistant United States Attorney


Date:

By signing below, defendant acknowledges that he has read (or has been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyers, and has had all of his questions answered by his lawyers.

Terra Reynolds
Attorney for Defendant

Dennis Williams
Defendant

Date:

Date:

- 19 -

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.    **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Embezzlement of union funds by a union officer | 6 |
| 2B1.1(b)(1) | Loss amount > $95,000 but ≤ $150,000 | 8 |
| | | |
| | | |
| | | |

2.    **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.3 | Abuse of position of trust | +2 |
| 3B1.1 | Leader/Organizer | +2 |
| | | |
| | | |

A-1

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

18

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*

✓

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

# WORKSHEET B (Multiple Counts)

## Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

unit

unit

unit

unit

5. **TOTAL UNITS**

units

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

**6.   INCREASE IN OFFENSE LEVEL**

1 unit $\longrightarrow$  no increase      2 1/2 – 3 units $\longrightarrow$ add 3 levels

1 1/2 units $\longrightarrow$ add 1 level     3 1/2 – 5 units $\longrightarrow$ add 4 levels

2 units $\longrightarrow$ add 2 levels        > 5 levels $\longrightarrow$ add 5 levels



**7.   ADJUSTED OFFENSE LEVEL OF GROUP
       WITH THE HIGHEST OFFENSE LEVEL**

**8.   COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

### 1.    PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                                                    **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                                      **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                                                                   **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Defendant: | Dennis Williams | Count: | 1 |
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

| **Date of Imposition** | **Status*** | **Offense** | **Sentence** | **Release Date**** | **Points** |
| --- | --- | --- | --- | --- | --- |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*      A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.   But enter no points where the sentences are considered related because the offenses occurred on the same occasion.   (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

**4.   TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

0

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| **0-1** | **I** |
| **2-3** | **II** |
| **4-6** | **III** |
| **7-9** | **IV** |
| **10-12** | **V** |
| **≥13** | **VI** |

I

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

# WORKSHEET D (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

18

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

-3

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

15

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.   Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

I

**5.    CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

NA

   b.   Criminal History Category:   If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal   provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

NA

**6.    GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

18-24

months

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

**7.**    **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



NA

months

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

# WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

    a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

☒      1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

☐      2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

☐      3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b. Length of Term of Probation (U.S.S.G. § 5B1.2)

☐      1. At least 1 year but not more than 5 years (total offense level ≥ 6)

☐      2. No more than 3 years (total offense level < 6).

    c. Conditions of Probation (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

☒    a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

☐    b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

### 4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a.  Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.  Length of Term of Supervised Release  (U.S.S.G. § 5D1.2)

☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒ 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,   i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐ 4. The statute of conviction requires a minimum term of supervised release of     . years.

c.  Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

### 5.   RESTITUTION (U.S.S.G. § 5E1.1)

☒ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $_____.

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

[   ]  3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

[   ]  4.  The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[   ]  5.  Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a.  Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $7,500 | $75,000 |

| Defendant: | Dennis Williams | Count: | 1 |
|---|---|---|---|
| Docket No.: | 20-20382 | Statute(s): | 18 USC 371 (29 USC 501(c)) |

**7. SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:

- ▪ $100.00 for every count charging a felony ($400 for a corporation),
- ▪ $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- ▪ $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- ▪ $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $100 .

**8.   FORFEITURE (U.S.S.G. § 5E1.4)**

[×] Assets of the defendant will be forfeited.

[ ] Assets of the defendant will not be forfeited.

**9.   ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

**10.   UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

(Rev. April 2014)