United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff,                   Case No. 20-cr-20382

vs.                                       Hon. Paul D. Borman

D-1   Dennis Williams,

       Defendant.
_____/

## Stipulated Preliminary Order of Forfeiture

The United States of America, by and through its attorney, Adriana Dydell, Assistant United States Attorney, and Defendant Dennis Williams ("Defendant"), by and through his attorney, Terra Reynolds, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.     On August 27, 2020, the United States filed an Information, which charges Defendant with one count of Conspiracy to Embezzle Union Funds, in violation of 18 U.S.C. § 371 and 29 U.S.C. § 501(c).

2.     The Information contains Forfeiture Allegations which provide notice that the United States intends to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the charged violation.

3.     On or about September 30, 2020, Defendant pleaded guilty to Count One of the Information.

1

4.      In the factual basis for the Rule 11 Plea Agreement, Defendant agreed that he and others embezzled, stole, and unlawfully and willfully abstracted and converted assets of the United Auto Workers for their own use (ECF No. 7, PageID 23). Defendant agreed that, as part of the scheme, while he was an officer of the UAW between 2013 and 2018, he accepted housing for himself in Palm Springs, California, housing for his friends in Palm Springs, California, golf clothing and other related merchandise, rounds of golf outside of the dates of UAW conferences, and certain meals, liquor, and cigars provided to him by co-conspirators Gary Jones, UAW Official C, UAW Official E, Vance Pearson, and Edward N. Robinson (ECF No. 7, PageID 23, 24). Most of these items were provided to him before, during, or after conferences put on by UAW Region 5, and they were all paid for with UAW funds from the UAW headquarters in Detroit, Michigan, the UAW Southwest CAP, or the UAW Midwest CAP. Defendant intentionally chose not to determine the origin of the funds used to pay for the items, despite having suspicions about them. (ECF No. 7, PageID 24). Defendant acknowledged that, although he was aware that the expenditure of UAW funds for certain entertainment expenses related directly to UAW Region 5 conferences could constitute the legitimate and lawful expenditure of union funds, in certain cases he accepted items described above paid for with UAW funds that were not legitimate business expenses of the UAW. (ECF No. 7, PageID 24).

5. Defendant agrees that he obtained the following property as a result of his participation in the described scheme:

a) One set of Titleist golf clubs and Titleist golf bag seized in September 2019 (Asset ID 19-FBI-008597), specifically described as:

   i. Titliest Cordura Fabric Golf Bag;

   ii. Titliest BV 54-11 Sand Wedge Vokey Design;

   iii. Titliest SM58-12, Vokey Design;

   iv. Titliest 4-9 AP1 Iron Set (4-9, P, W) 8 Club Set;

   v. Titliest 913F 15" Fairway Wood;

   vi. Titliest 913 Hybrid 19 Loft;

   vii. Titliest 913 Hybrid 21 Loft;

   viii. Titliest 913 Hybrid 24 Loft;

   ix. Titliest 913D2 Driver and

b) Golf clothing and other related merchandise seized from his residence in Corona, California in August 2019 (Asset ID: 19-FBI-008810):

   i. Footjoy white/green striped Indian Canyon polo – XL;

   ii. Ashworth black/gray/red Indian Canyons polo – XL;

   iii. AKWA UAW red polo – XL;

   iv. Gear Torrey Pines gray sweater – XL;

   v. Bermuda Sands Torrey Pines green polo – XL;

3

      vi. Nike Indian canyons gray/black 1/4 zip sweatshirt – XL;

      vii. Antigua Indian Canyons 1/4 zip sweatshirt red – XL;

      viii. Underarmor Indian Canyons black/rainbow striped polo – XL;

  c) Golf clothing and other related merchandise seized from his residence in Onaway, Michigan in August 2019 (Asset ID: 19-FBI-008811):

      i. Bermuda Sands black/gray Indian Canyons polo – XL;

      ii. Adidas black/gray polo Maderas GC – XL;

(collectively, the "Subject Property").

6. As part of this Stipulation, Defendant agrees to forfeit the Subject Property to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as property derived from proceeds traceable to his violation of 18 U.S.C. § 371 and 29 U.S.C. § 501(c) as alleged in Count One of the Information.

7. In entering into this Stipulation, Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed in this case and expressly waives his right to challenge any failure by the Court to advise him of this when his guilty plea was accepted under Federal Rule of Criminal Procedure 11(b)(1)(J). Defendant also expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing and

incorporation of forfeiture in the judgment. In entering into this Stipulation, Defendant also expressly waives his right under Federal Rule of Criminal Procedure 32.2(b) to a further determination regarding the forfeitability of the Subject Property.

8. In entering into this Stipulation, Defendant knowingly, voluntarily, and intelligently waives any challenge to the described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

9. Defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and agrees that this Order shall become final as to Defendant at entry.

Based on the Information, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and Rule 32.2 of the Federal Rules of Criminal Procedure, the Court finds that the Subject Property has a nexus to Count One and **ORDERS FORFEITURE** of the Subject Property to the United States for disposition according to law. Any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture on www.forfeiture.gov for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified

Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, and any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that, after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that, if no one files a timely petition for any of the Subject Property by the deadline provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2) and shall be authorized to dispose of the Subject Property as prescribed by law. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition(s) as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Saima S. Mohsin
Acting United States Attorney

| | |
|---|---|
| s/ ADRIANA DYDELL | s/ Terra Reynolds |
| ADRIANA DYDELL | TERRA REYNOLDS |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort St., Ste. 2001 | 330 North Wabash Ave. Ste 2800 |
| Detroit, MI 48226 | Chicago, IL 60611 |
| (313) 226-9125 | (312) 876-7700 |
| adriana.dydell@usdoj.gov | terra.reynolds@lw.com |
| [CA Bar No 239516] | |
| | |
| Dated: May 7, 2021 | Dated: |
| | |
| | (Signature page attached) |
| | DENNIS WILLIAMS |
| | Defendant |
| | |
| | Dated: |

*******************************************
**IT IS SO ORDERED.**

Dated: May 11, 2021

s/Paul D. Borman
HON. PAUL D. BORMAN
United States District Judge

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Saima S. Mohsin
Acting United States Attorney

s/ ADRIANA DYDELL
ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

/s/ Terra Reynolds
TERRA REYNOLDS
Attorney for Defendant
330 North Wabash Ave. Ste 2800
Chicago, IL 60611
(312) 876-7700
terra.reynolds@lw.com

Dated: May 7, 2021

Dated:

DENNIS WILLIAMS
Defendant

Dated:

9